UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN RE: R E COMPANY, INC.　　　　　　　　　Case No. 14-59052
　　　　　　　　　　　　　　　　　　　　　　Judge Marci B. McIvor
　　　　　　Debtor-in-Possession.　　　　　　Chapter 11
_____/

**DEBTOR'S MOTION TO SELL ALL OF ITS ASSETS PURSUANT TO STALKING HORSE AUCTION, PURSUANT TO 11 U.S.C. §363, FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, AND FOR RELATED RELIEF WITH LIENS TO ATTACH TO PROCEEDS**

　　　　The above-captioned debtor hereby moves the Court (this "Motion") for the entry of an order, for the sale of all of its assets (collectively, the "Asset") to an entity formed or to be formed by John T. Zawadzki, Janette Lubic and Violet Kuretich., ("Purchaser"), for a total of their entire secured and unsecured claim estimated to be approximately $330,000 as a credit bid, free and clear of all other liens, claims, encumbrances and other interests and other related relief with the liens to attach to proceeds. The sale will be subject to higher and better offers. In support of this Motion, the Debtor respectfully states as follows:

　　　　1. In order to maximize the value of the Debtor's assets, Debtor has been marketing its assets to third parties for approximately 12 months.

　　　　2. The current offer of the Purchaser's entire secured and unsecured claim estimated to be approximately $330,000.00 is the highest offer for the assets of Debtor that has been received by Debtor.

　　　　3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

　　　　4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are sections 105(a), 363 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), and Rules 2002, 6004(g), 6006(d) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules").

6. By this Motion, the Debtor seeks authority to sell the Asset to the Purchaser free and clear of liens, claims, encumbrances and other interests with liens to attach to proceeds. The Debtor further requests that the Court waive the 14 day automatic stay of the sale, imposed under Bankruptcy Rule 6004(g). Debtor's assets include its inventory and equipment.

7. Purchaser has a combined secured claim against Debtor in an amount in excess of $330,000.00.

**Basis for Relief**

**I. Approval of the Proposed Sale Is Appropriate and in the Best Interests of the Debtor's Estate and Its Creditors.**

8. The Debtor has determined that the sale of the Asset to the Purchaser will enable the Debtor to obtain the highest and best offer for the Asset and is in the best interests of the Debtor, its estate and creditors.

**A. The Sale of the Asset Pursuant to the Sale is Authorized by Section 363 as a Sound Exercise of the Debtor's Business Judgment.**

9. Section 363(b) of the Bankruptcy Code provides, in relevant part, that "the trustee, after notice and a hearing, may [sell], . . . other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). A court has the statutory authority to authorize a debtor to sell property of the estate pursuant to section 363(b)(1) of the Bankruptcy Code when such sale is an exercise of the debtor's sound business judgment and when the sale of the property is proposed in good faith. Stephen Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986)

(adopting the "sound business purpose" standard for sales proposed pursuant to section 363(b)(1)); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 176 (D. Del. 1991); In re Lionel Corp., 722 F.2d 1063, 1070 (2d Cir. 1983); see also Fulton State Bank v. Schipper, 933 F.2d 513, 515 (7th Cir. 1991) (a debtor's decision must be supported by "some articulated business justification"); In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999); In re Ernst Home Center, Inc., 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997).

10. Under section 363(b), a debtor has the burden to establish that it has a valid business purpose for using estate property outside the ordinary course of business. See Lionel, 722 F.2d at 1070-71. Once the debtor has articulated such a valid business purpose, however, a presumption arises that the debtor's decision was made on an informed basis, in good faith and in the honest belief that the action was in the debtor's best interest. See In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992). A party in interest seeking to challenge the debtor's valid business purpose must "produce some evidence supporting its objections." Montgomery Ward, 242 B.R. at 155.

11. The Debtor has proposed the sale of the Asset after thorough consideration of all viable alternatives and has concluded that such sale is supported by a number of sound business reasons, including that it is not feasible for Debtor to continue to operate and that a sale of the Debtor's assets will maximize value.

12. The Debtor also believes that the value of the consideration to be received for the Asset is fair and reasonable. The Debtor submits that the Sale constitutes the highest and best offer for the Asset and will provide a greater recovery for the Debtor's estate than would be provided by any other available alternative.

13. Accordingly, the Debtor's determination to enter into the transaction is a valid and sound exercise of its business judgment.

### B. The Sale Satisfies the Requirements of Section 363(f) of the Bankruptcy Code for a Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests other than as to liens to taxing authorities.

14. This Court has authority to authorize the sale of the Asset free and clear of liens, claims, encumbrances and other interests with liens to transfer to proceeds. See 11 U.S.C. § 363(f). Under section 363(f) of the Bankruptcy Code, a debtor-in-possession may sell property free and clear of any lien, claim or interest of an entity in such property if, among other things:

- applicable nonbankruptcy law permits sale of such property free and clear of such interest;

- such entity consents;

- such interest is a lien and the price at which the property is sold is greater than all liens on such property;

- such interest is in bona fide dispute; or

- such entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest.

11 U.S.C. § 363(f). Because section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements will be sufficient to permit the sale of the Asset free and clear of liens, claims, encumbrances and other interests.

15. The Debtor believes that one or more of the tests of section 363(f) are satisfied with respect to the transfer of the Asset. In particular, the Debtor believes that at least section 363(f)(2) will be met in connection with the Sale because each of the parties with secured claims will consent, or absent any objection to this Motion, will be deemed to have consented to, the sale.

16. Any lienholder also will be adequately protected by having its liens, claims, encumbrances and other interests, if any, attach to the sale proceeds received by the Debtor for the sale of the Asset to the Purchaser in the same order or priority and with the same validity, force and effect that such creditor had prior to such sale, subject to any claims and defenses that Debtor and its estate may possess with respect thereto.

17. Section 363(f) of the Bankruptcy Code is satisfied in such instance because all holders of liens, claims, encumbrances and other interests could be compelled to accept a money satisfaction of its liens in legal or equitable proceedings in accordance with section 363(f)(5) of the Bankruptcy Code. Such legal or equitable proceedings include proceedings to confirm a plan of reorganization, under which the holder of a lien may be compelled to accept payment in satisfaction of its lien pursuant to section 1129(b)(2)(a) of the Bankruptcy Code. Accordingly, section 363(f) authorizes the sale of the Asset free and clear of any liens, claims, encumbrances and other interests.

    **C.**    **The Purchaser Is a Good Faith Purchaser and Is Entitled to the Full Protection of Section 363(m) of the Bankruptcy Code, and the Transfer and Sale of the Asset Does Not Violate Section 363(n).**

18. Under section 363(m), the reversal or modification on appeal of an authorization of the sale of property pursuant to section 363 does not affect the validity of such sale to an entity that purchased the property in good faith. See 11 U.S.C. §363(m). As the transaction has been negotiated at arm's-length and in good faith, the Purchaser is entitled to the full protections of section 363(m). A party would have to show fraud or collusion between the buyer and the debtor in possession or trustee or other bidders in order to demonstrate a lack of good faith. See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.), 111 F.3d 269, 276 (2d Cir. 1997) ("[t]ypically, the misconduct that would destroy a [buyer]'s good faith status at a judicial sale involves fraud, collusion between the [buyer] and other bidders or the trustee, or

an attempt to take grossly unfair advantage of other bidders"); see also In re Angelika Films, 57th, Inc., 1997 WL 283412, at *7 (S.D.N.Y. 1997); In re Bakalis, 220 B.R. 525, 537 (Bankr. E.D.N.Y. 1998).

19. The Debtor and the Purchaser have engaged in arm's length negotiations over the terms of the sale, and there has been no fraud or collusion in those negotiations.

20. Further, the transaction contemplated by the Sale does not constitute an avoidable transaction pursuant to section 363(n). Under section 363(n), a debtor-in-possession may avoid a sale "if the sale price was controlled by agreement among potential bidders at such sale." No party to the negotiations of the Sale, including the Debtor, believes that there is any indication of collusion among potential bidders in the instant circumstances. Accordingly, the Purchaser should receive the protections afforded good faith purchasers under section 363(m).

**II.    Cause Exists to Modify the Stay Imposed By Bankruptcy Rules 6004(g).**

21. Bankruptcy Rule 6004(g) provides that "an order authorizing the sale . . . of property . . . is stayed until expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(g). The Debtor requests that the Auction be permitted to conclude immediately following entry of any order of this Court approving the sale. In particular, the transaction is the highest and best offer received. Additionally, assuring that the sale closes promptly, it will maximize value to be distributed. Therefore, the Debtor believes that "cause" exists for modification of the time periods set forth in Bankruptcy Rules 6004(g) and 6006(d).

22. Purchaser wishes to close as soon as possible.

### Format of Auction

23. The sale will be a stalking horse auction, which means that it will be subject to higher and better offers. The sale will be to Purchaser unless there is a higher and better offer. The terms of the auction would be that overbids would be in increments of $2,000.00. There will be no break-up fee. A stalking horse auction shall be held at the Bankruptcy Court on the date set forth in the Order. At that time, any parties may bid greater than $330,000.00 for the Assets, subject to $2,000 overbids. Any such parties must bring proof of funds for the bids that they make, and must consummate the sale within 48 hours of the Closing. Debtor shall keep track of the bids, and if the winning bidder does not consummate the transaction, Debtor shall contact the next highest bidder and give it the opportunity to consummate the transaction within 48 hours of notice. Notice of the stalking horse auction shall be published one week prior to the auction in the Detroit News or Detroit Free Press.

### Notice

24. Notice of this Motion has been given to the Debtor's matrix.

### No Prior Request

25. No prior requests for the relief requested have been made.

WHEREFORE, the Debtor respectfully request the entry of an order, substantially in the form attached hereto (a) authorizing and directing the Debtor to consummate the sale of the Asset, free and clear of all liens, claims, encumbrances and other interests, (b) waiving the stay of the sale, under Bankruptcy Rule 6004, (c) granting such other and further relief as is just and proper.

Respectfully Submitted,

MIKE DILAURA & ASSOCIATES, P.C.

/s/ Michael P. DiLaura

|  |  |
|---|---|
| Dated: March 4, 2015, | Michael P. DiLaura (P63958)<br>Attorney for Debtor<br>105 Cass Avenue<br>Mount Clemens, MI 48043<br>(586) 468-5600<br>miked@mikedlaw.com |